UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHON COMPANY d/b/a AT&T CONNECTICUT | : : : : |
| v. | : : |
| ANTHONY J. PERLERMINO, KEVIN DELGOBBO, and JOHN W. BETOSKI III, IN THEIR OFFICIAL CAPACITY AS COMMISSIONERS OF THE CONNECTICUT DEPARTMENT OF PUBLIC UTILITY CONTROL | : Civil Action No. 3:09-cv-01787 : (JCH) : : : : : JANUARY 13, 2010 |

MEMORANDUM IN SUPPORT OF
MOTION BY SPRINT TO INTERVENE

Sprint Communications, L.P. ("Sprint Comm."), Sprint Spectrum, L.P. ("Sprint Spectrum") and Nextel Communications of the Mid-Atlantic, Inc. ("Nextel") (collectively referenced as "Sprint") respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 24, to intervene as defendants in the above-captioned action. As demonstrated below, Sprint satisfies the standard for both intervention as of right and permissive intervention. Therefore, their motion should be granted.

I.    **FACTUAL BACKGROUND**

The Southern New England Telephone Company d/b/a AT&T Connecticut ("AT&T") filed this action seeking a declaratory judgment that a ruling of the Connecticut Department of Public Utility Control ("DPUC") is unlawful and an injunction barring enforcement of the DPUC's ruling. Specifically, AT&T challenges enforcement of the DPUC's October 7, 2009 Final Decision in DPUC docket 08-12-04, in which the DPUC ordered AT&T to reduce the rates that it charges for transit traffic service in Connecticut.

Sprint Spectrum and Nextel are both commercial mobile service providers as that term is defined by 47 U.S.C. § 332(d), and commercial mobile radio service providers ("CMRS") as that term is defined in the Federal Communications Commission's ("FCC") rules under section 47 C.F.R. § 20.3. Sprint Spectrum and Nextel provide interconnected, wireless voice and data services commercially to customers in the State of Connecticut pursuant to licenses issued by the FCC. Sprint Comm. provides long distance services in Connecticut and is a competitive local exchange carrier ("CLEC") in Connecticut.

AT&T is an incumbent local exchange carrier ("ILEC") in Connecticut. Both CLECs and ILECs are telecommunications carriers obliged, by 47 U.S.C. § 251a(1), to interconnect, directly or indirectly, with the facilities and equipment of other telecommunications carriers. ILECs are required to provide interconnection services at least equal in quality to those that they provide themselves or their subsidiaries and affiliates. 47 U.S.C. § 251(c)(2)(C) and (D). In return for these services, ILECs are permitted to impose rates, terms and conditions that are just, reasonable and nondiscriminatory. 47 U.S.C. § 251(c)(2)(D).

2

Transit traffic service is a component of the interconnection service that AT&T provides to wireline carriers, such as Sprint Comm., and CMRS providers, such as Sprint Spectrum and Nextel. Transit service enables all providers of voice service in Connecticut like Sprint to exchange traffic, without having to establish direct connections with each other. Rather, every carrier connects directly to AT&T, which then routes the traffic to the carrier associated with the called party's telephone number.

In the ruling that AT&T challenges in this case, the DPUC reaffirmed its prior determination that transit traffic service provided by AT&T to CLECs and CMRS providers in Connecticut constituted interconnection pursuant to 47 U.S.C. § 251(c)(2). Based on that determination, the DPUC ruled that AT&T was required to provide transit traffic service at rates based on total service long run incremental cost ("TSLRIC"). The DPUC's ruling had the effect of reducing the rates that AT&T could charge CLECs in Connecticut for transit traffic service. AT&T challenges those determinations in this action and seeks to be permitted to charge higher rates for transit traffic services than the TSLRIC-based rates imposed by the DPUC.

Sprint currently purchases transit traffic services offered by AT&T. If AT&T prevails in this action with respect to the fees it charges Pocket, it will be free to treat all other purchasers of transit traffic services similarly, and to raise all of their rates beyond those based on TSLRIC. For that reason, Sprint participated in the DPUC's proceedings below and seeks permission to participate in the current action before this Court.

## II.     SPRINT IS ENTITLED TO INTERVENE AS OF RIGHT

Federal Rule of Civil Procedure 24(a) provides that, on timely motion, the court must permit anyone to intervene who claims an interest relating to the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. The Second Circuit has interpreted this rule to require intervention where each of the following factors are satisfied: (1) the application is timely, (2) the movant has an interest in the action, (3) the movant's interest may be impaired by the disposition of the action, and (4) the parties to the action will not adequately protect the movant's interest. *United States v. Palermino*, 238 F.R.D. 118, 120 (D. Conn. 2006) (JBA). As demonstrated below, Sprint satisfies each of these factors, entitling them to intervene in this action as of right.

### A.     This Application Is Timely

Analysis of the timeliness of a motion for intervention is highly fact specific. Motions have been found timely where they were filed three months after the complaint, but before any significant substantive motions had been filed. *See Association of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 102-03 (D. Conn. 2007). Similarly, motions to intervene have been deemed timely when filed four months after the complaint was filed and after the defendant had filed an answer, but before any significant substantive motions were filed. *Schaghticoke Tribal Nation v. Norton*, 3:06cv81, 2006 U.S. Dist. Lexis 42643, at *25 (D. Conn. June 13, 2006).

In this case, the present motion has been filed before any substantive motions have been filed and before the original defendants have answered the Complaint. A motion to intervene

4

recently filed by MetroPCS was granted on January 11, absent objection. Further, the parties in this action have agreed upon and submitted to the Court a schedule of appellate-style briefing that will present the issues in an efficient manner. Under that schedule, AT&T filed its opening brief on January 6, 2010; the defendants are scheduled to file their responsive brief on February 5, 2010, after which AT&T will file a reply brief to close the briefing. The parties do not anticipate a need for the defendants to file a response to the complaint.

Sprint is fully prepared to adhere to the parties' previously adopted schedule and proposes to file a brief on the merits on the same date as the current defendants file their brief. Like the original defendants in this action, Sprint does not envision a need for a response to AT&T's complaint for the Court to fully and fairly adjudicate the parties' rights in the matter. As a result, permitting Sprint to intervene in this matter will not delay or slow the resolution of this matter.

**B.    Sprint Has Interests In The Subject of This Case**

For an interest to be cognizable for Rule 24(a) intervention, the interest must be "direct, substantial and legally protectable," rather than "remote [or] contingent on the occurrence of a sequence of events before it becomes colorable." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001). Sprint Comm., Sprint Spectrum and Nextel each have an interest that is direct, substantial and legally protectable, in that each purchases transit traffic services from AT&T. The DPUC's ruling in docket 08-12-04, which AT&T challenges in this action, has had the effect of reducing the rates that AT&T has charged Sprint. If the DPUC's

ruling is overturned, AT&T will be free to raise the rates that it charges Sprint for transit traffic services. As a result, Sprint has a direct and substantial interest in the outcome of this matter.

The DPUC recognized Sprint's interests in the subject of the docket being challenged by AT&T in this action. Indeed, the DPUC granted Sprint party status in the docket. The DPUC received written comments from Sprint and discussed those comments in its decision on the merits.

### C.      Disposition Of This Action May Impair The Interests of Sprint

The third factor for intervention as of right evaluates whether the movant's interest may be impaired by disposition of the action. Here, the interests of Sprint may be impaired by the resolution of the action because the outcome of the matter may affect the rates that AT&T is permitted to charge each of them, and every other CLEC and CMRS providers conducting business in Connecticut. Until the DPUC's ruling in docket 08-12-04, AT&T charged Sprint for transit traffic services at unreasonable and unlawful rates. The DPUC's ruling imposed, finally, rational and reasonable restrictions on the charges that AT&T could exact for these services. If the DPUC's ruling is overturned in this action, the rates that Sprint will have to pay for transit traffic services will again increase and will continue to be unregulated. Thus, the disposition of this action may impair their interests.

### D.      The Interests of Sprint Are Not Adequately Protected By The Parties To The Action

The final factor considered under Rule 24(a) is whether the current parties to the action will adequately protect the movant's interests. The burden to show that the representation of their interests by existing parties may be inadequate is generally minimal, however, the Second

6

Circuit had required "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Schaghticoke Tribal Nation*, 2006 U.S. Dist. Lexis 42643, at *13. In cases involving governmental entities named as defendants, inadequate representation is more likely to be found where the movants "assert[] a personal interest that does not belong to the general public." *Id.* at *18-*19 (quoting *Forest Conserv. Council v. United States Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995)).

Even more specifically, the District Court has granted motions to intervene in cases in which entities have sought to intervene as a co-defendant with the DPUC. *See Palermino*, 238 F.R.D. at 122-23. In Palermino, the court, *Arterton, J.*, evaluated whether the DPUC would adequately protect the interests of the Office of Consumer Counsel ("OCC") and the American Civil Liberties Union of Connecticut ("ACLU") and concluded that their interests differed. The court explained that "while the DPUC is a neutral state-established adjudicative body seeking to clarify the outer boundaries of its authority and to exercise such authority accordingly . . ." the OCC and the ACLU had different missions. *Id.* at 123. Further, the court observed that the defendants, DPUC commissioners sued in their official capacity, "do not represent the interests of private individuals/telecommunications consumers championed by the ACLU-CT and the OCC." *Id.* On that basis, the court determined that the movant's interests would not be adequately protected by the DPUC and granted intervention.

Here, the interests of Sprint would not be adequately protected by the current defendants in the case. The defendants in the action are the three DPUC commissioners that issued the decision that AT&T challenges. AT&T sued these individuals in their official capacities as

7

DPUC commissioners, not as individuals. Although these commissioners represent the DPUC's interests in this action, the objectives of the DPUC and its interest in this action differ from those of the movants. Sprint bears direct and substantial risk of higher rates for transit traffic services if the DPUC's ruling is overturned in this action. The DPUC's interest in defending the boundaries of its authority is not similarly direct and substantial as the interests of Sprint. *See Palermino*, 238 F.R.D. at 122-23.

Even the DPUC's interest in defending the substantive outcome of its decision is more remote than the interest held by Sprint. The DPUC has a general interest in defending the validity of its decisions, and it has a broad interest in the provision of safe, reliable, modern, and fairly-priced utility services in Connecticut. But none of those interests rise to the level of the interests held by Sprint, which asserts a personal interest that does not belong to the general public. *See Schaghticoke Tribal Nation*, 2006 U.S. Dist. Lexis 42643, at *18-*19; 3B Moore's Federal Practice, 24.07[4] at 24-78 (2d ed. 1995).

Further, the history of the DPUC's rulings with respect to transit traffic service issues reveals that the recent ruling in docket 08-12-04 was not the first time that the DPUC addressed and resolved the issues now being challenged by AT&T in this case. The DPUC evaluated these same questions in docket 02-01-03 and concluded then, as it did most recently, that transit traffic services are a form of interconnection subject to the DPUC's jurisdiction that should be priced on a TSLRIC basis. The DPUC entered a stay in that docket, however, when AT&T took an appeal from the decision. AT&T subsequently settled the appeal and the stay in the docket was never lifted. As a result, the DPUC's decision in docket 02-01-03, which would have obviated

docket 08-12-04 and AT&T's present challenge, was never implemented. For years that followed, the DPUC did not enforce the decision that it had rendered in docket 02-01-03, permitting AT&T to continue to charge higher rates for transit traffic services to CLECs such as Sprint Comm. and CMRS providers such as Sprint Spectrum and Nextel. The detrimental outcome of that proceeding on Sprint further demonstrates that its interests are not uniform with the DPUC and cannot be presumed to be adequately protected by the DPUC's representation in this action. Sprint is, therefore, entitled to intervene as of right.

### III.    SPRINT SHOULD BE PERMITTED TO INTERVENE

Even if Sprint is not entitled to intervene as of right, it should be permitted to intervene under Federal Rule of Civil Procedure 24(b). Permissive intervention under Rule 24(b) is available where an applicant's claim and the action "have a question of law or fact in common. . . . Fed. R. Civ. P. 24(b)(2). Intervention under Rule 24(b) is wholly discretionary with the court. *Association of Conn. Lobbyists LLC*, 241 F.R.D. at 102. "The principal consideration for courts in exercising their discretion is whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id.* (quoting 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, § 1913 at 379 (2d ed. 1986)).

Sprint asserts a claim that has a common question of law and fact with the present case. AT&T contends in this action that the transit traffic service that it provides to CLECs, such as Sprint Comm., and CMRS providers, such as Sprint Spectrum and Nextel, is not "interconnection" as that term is defined by the Telecommunications Act of 1996 ("Telecom Act"). On that basis, AT&T asserts that the DPUC exceeded its authority by regulating the rates

9

that AT&T charges for transit traffic service. Sprint claims, to the contrary, that AT&T's transit traffic service is "interconnection" under the Telecom Act and that the DPUC properly required that AT&T base its transit traffic service rates on TSLRIC. Thus, the claim asserted by Sprint presents the same question of law as the original parties to this action, satisfying the requirements of Rule 24(b) for permissive intervention.

Further, intervention by Sprint will not delay or prejudice the adjudication of the rights of the original parties to this action. The original parties have adopted, with the Court's permission, a schedule of appellate-style briefing that will present the issues to the Court efficiently. AT&T filed its opening brief on the merits on January 6. Sprint is prepared to abide by the schedule adopted by the original parties to the action and approved by the Court. As a result, the intervention of Sprint will not delay the adjudication of the action. Intervention will also not prejudice the adjudication of the rights of the original parties because Sprint Comm., Sprint Spectrum and Nextel were all parties to the DPUC's proceedings below and are all fully conversant with the facts and legal issues presented in this case. Sprint will represent its own interests, and those of similarly situated CLECs and CMRS providers more effectively than the DPUC and free that original party to focus its defense on its core mission of ensuring the provision of safe, reliable, modern, and fairly-priced utility services in Connecticut.

## IV. CONCLUSION

For the foregoing reasons, Sprint Communications, L.P., Sprint Spectrum, L.P., and Nextel Communications of the Mid-Atlantic, Inc. respectfully request that their motion to intervene be granted.

                                                  SPRINT COMMUNICATIONS, L.P., SPRINT
                                                  SPECTRUM, L.P., AND NEXTEL
                                                  COMMUNICATIONS OF THE MID-ATLANTIC,
                                                  INC.

By: _____/s/_____
             Bradford S. Babbitt
             Email: bbabbitt@rc.com
             John A. Poakeart
             Email: jpoakeart@rc.com
             Robinson & Cole LLP
             280 Trumbull Street
             Hartford, CT 06103
             Tel. No.: 860-275-8200
             Fax No.: 860-462-8299

## **CERTIFICATION OF SERVICE**

I hereby certify that this document was filed electronically on this 13th day of January, 2010. Notice will be sent to all counsel of record through the Court's electronic notification system.

_____/s/_____
Bradford S. Babbitt
