UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY d/b/a AT&T CONNECTICUT,<br>　　　Plaintiff, | :<br>:<br>:<br>:<br>: |
| v. | : 　3:09-cv-1787(WWE) |
| ANTHONY J. PERLERMINO, KEVIN DELGOBBO and JOHN W. BETOSKI III, in their official capacity as Commissioners of the Connecticut Department of Public Utility Control<br>　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: |

### RULING ON MOTIONS TO INTERVENE

This is a declaratory judgment action concerning a decision by the Connecticut Department of Public Utility Control ("DPUC") issued on October 7, 2009. Plaintiff asks this Court to find DPUC's ruling to be unlawful and to issue an injunction barring its enforcement. Now pending before the Court are motions to intervene of (1) Sprint Communications, L.P., Sprint Spectrum, L.P. and Nextel Communications of the Mid-Atlantic, Inc. (Doc. #22); (2) Comcast Phone of Connecticut, Inc., Cablevision Lightpath - CT, Inc. and Cox Connecticut Telecom, LLC ("Cox") (Doc. #24); and (3) Youghiogheny Communications-Northeast, LLC d/b/a Pocket Communications (Doc. #41).

### DISCUSSION

Federal Rule of Civil Procedure 24(a) provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the

1

> applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The proposed intervenor must (1) make a timely application for intervention, (2) show an interest in the subject matter of the action, (3) show that the protection of the interest may be impaired by the disposition of the action, and (4) show that the interest is not adequately represented by an existing party. Restor-A-Dent Dental Lab. Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 874 (2d Cir. 1984). The failure to meet any one of these requirements justifies the denial of a motion under Rule 24(a)(2). Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001). The court has discretion to identify those circumstances where intervention is appropriate. See United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984).

Plaintiff does not object to any of the motions to intervene provided the intervenors (1) abide by the briefing schedule already agreed to by the parties and (2) file a single, joint response brief with MetroPCS New York, LLC, whose intervention was granted by the Court absent objection on January 10, 2010 (Doc. #20).

In light of plaintiff's conditional acquiescence to the intervenors, the Court finds that all of the conditions of intervention are met and will allow the movants to intervene. The Court will not impose on the intervenors an obligation to file a joint brief. To assuage plaintiff's concern regarding responding to the multiple response briefs of the intervenors, the Court will permit plaintiff, upon motion, additional time to file its reply brief as well as additional pages in that brief.

For the foregoing reasons, the Court GRANTS intervenors' motions to intervene (Docs. #22, 24, 41). The intervenors are instructed to file their respective intervening pleadings within ten days of the filing of this ruling.

Dated at Bridgeport, Connecticut, this 29th day of April, 2010.

                                          /s/
                                  Warren W. Eginton
                                  Senior United States District Judge